of the law, the record does not reflect that sentence has been passed upon the appellant.

A sentence is the order of the court, made in the presence of the defendant and entered of record, pronouncing the judgment and ordering the same to be carried into execution in the manner prescribed by law. Art. 767, C.C.P.

■ There appears no fixed or inflexible form to be used for the sentence. The one mandatory provision is that it "shall be pronounced in the presence of the defendant * * *." Art. 768, C.C.P.

· ■ There is nothing in this record showing that this mandatory provision of the statute was complied with. The order revoking the probation and attempting to pronounce sentence nowhere contains a recital that same was done in the presence of the appellant.

We are constrained to conclude that, as here presented, no sentence has been pronounced against appellant, as required by law.

A sentence in a felony case is the final judgment, and necessary for the jurisdiction of this court over the appeal. Supporting authorities will be found under Note 3 of Art. 769, Vernon's C.C.P.

Because this court is without jurisdiction to entertain the appeal, the appeal is dismissed.

Opinion approved by the court.

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

Relator appeals from an order entered by Honorable Henry King, Judge of Criminal District Court No. 2 of Dallas County, denying his application for habeas corpus to secure the fixing of bail.

It appears that since this appeal was taken, relator has been tried and convicted of the offense of robbery, and is now serving sentences in several cases in each of which a 99-year term was assessed upon a plea of guilty.

The question involved having become moot, the appeal is dismissed.

Opinion approved by the Court.